# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:12-cv-318-RJC

| | |
|---|---|
| MICHAEL ANTHONY BULLABOUGH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| ) | |
| AARON E. MICHEL, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court for initial review pursuant to 28 U.S.C. § 1915(e). Plaintiff, who is proceeding pro se, filed a Complaint, (Doc. No. 1), and a Motion to Proceed in Forma Pauperis ("IFP Motion"), (Doc. No. 1-2), on May 17, 2012. For the reasons explained below, the Court grants Plaintiff's IFP Motion for the limited purpose of reviewing the Complaint and dismisses Plaintiff's Complaint sua sponte for failure to state a claim.

Pro se Plaintiff, an inmate in the Mecklenburg County Jail, has filed the Complaint pursuant to 42 U.S.C. § 1983 against Defendant Aaron E. Michel, an attorney alleged to be employed with the "public defender's office." Defendant Michel represented Plaintiff in his criminal trial in state court. Plaintiff alleges in the Complaint that Defendant Michel rendered ineffective assistance of counsel.

First, as for Plaintiff's motion to proceed in forma pauperis, the Court has examined Plaintiff's financial statement and finds that Plaintiff qualifies for in forma pauperis status for the purpose of this initial review.

Because Plaintiff seeks to proceed in forma pauperis, the Court must review the

Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

> Section 1983 provides, in pertinent part:
>
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983. As its language indicates, Section 1983 applies only to persons acting under color of state law. It is well settled that a private attorney is not a person acting under color of state law and, thus, cannot be held liable under § 1983. See Bryant v. N.C. Prisoner Legal Servs. Inc., 1 F.3d 1232 (4th Cir. 1993) (unpublished table decision) ("NCPLS and its attorneys are not state actors amenable to suit under 42 U.S.C. § 1983."); see also Polk County v. Dodson, 454 U.S. 312, 318 (1981) (stating that "a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983"). Thus, the Court will sua sponte dismiss Plaintiff's Complaint.

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff's Motion to Proceed in District Court without Prepaying Fees or Costs, (Doc. No. 1-2), is **GRANTED**;

2. The Clerk of Court, however, shall refrain from issuing process for Defendant because

the Court has conducted its initial review and determined that Plaintiff is not entitled to proceed with this action;

3. Plaintiff's Complaint is **DISMISSED** in its entirety for the reasons stated herein. The Clerk is directed to close the case.

**IT IS SO ORDERED**.

Signed: May 30, 2012

Robert J. Conrad, Jr.
Chief United States District Judge